UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER,<br><br>    Plaintiff,<br><br>  v.<br><br>BRAHMA, et al.,<br><br>    Defendants. | Case No. 23-cv-03426-JD<br><br>**ORDER RE SERVICE AND PRELIMINARY INJUNCTION**<br><br>Re: Dkt. Nos. 2, 7, 13 |

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983 and a motion for a preliminary injunction. The Court directed defendants to file a response to the motion for a preliminary junction. Plaintiff has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

1   cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

2   the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

3   omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its

4   face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face"

5   standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they

6   must be supported by factual allegations. When there are well-pleaded factual allegations, a court

7   should assume their veracity and then determine whether they plausibly give rise to an entitlement

8   to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

9     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by

10   the Constitution or laws of the United States was violated, and (2) the alleged deprivation was

11   committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

12   **LEGAL CLAIMS**

13     Plaintiff alleges that he is suffering severe side effects from the forced medication of an

14   antipsychotic drug. Deliberate indifference to serious medical needs violates the Eighth

15   Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97,

16   104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds,*

17   *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A

18   determination of "deliberate indifference" involves an examination of two elements: the

19   seriousness of the prisoner's medical need and the nature of the defendant's response to that need.

20   *Id.* at 1059.

21     A prison official is deliberately indifferent if he or she knows that a prisoner faces a

22   substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate

23   it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of

24   facts from which the inference could be drawn that a substantial risk of serious harm exists," but

25   also "must also draw the inference." *Id*. If a prison official should have been aware of the risk,

26   but did not actually know, the official has not violated the Eighth Amendment, no matter how

27   severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference

28   of opinion between a prisoner-patient and prison medical authorities regarding treatment does not

give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). In addition, "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference.... [Prisoner] would have no claim for deliberate medical indifference unless the denial was harmful." *Shapely v. Nevada Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

The Supreme Court has recognized a liberty interest in freedom from unwanted antipsychotic drugs. *Washington v. Harper*, 494 U.S. 210, 221-22 (1990); *United States v. Ruiz-Gaxiola*, 623 F.3d 684, 691 (9th Cir. 2010). For convicted inmates, or those awaiting trial, the "liberty interest in avoiding unwanted medication must be defined in the context of the inmate's confinement." *United States v. Loughner*, 672 F.3d 731, 745 (9th Cir. 2012) (quoting Harper, 494 U.S. at 222). If it is determined that an inmate is a danger to himself or others, and treatment in his medical interest, the Due Process Clause allows the State to treat an inmate with serious mental illness with antipsychotropic drugs against his will. *See Harper*, 494 U.S. at 227; *Riggins v. Nevada*, 504 U.S. 127, 135 (1992). Such treatment requires a determination by a neutral factfinder that the antipsychotic drugs are medically appropriate and that the circumstances justify their application. *See Kulas v. Valdez*, 159 F.3d 453, 455-56 (9th Cir. 1998); *Harper*, 494 U.S. at 233 (administration of antipsychotic drugs "cannot withstand challenge if there are no procedural safeguards to ensure the prisoner's interests are taken into account.").

In California, the procedural requirements for involuntary medication of prisoners are stated in *Keyhea v. Rushen*, 178 Cal.App.3d 526 (Cal. Ct. App. 1986). "A *Keyhea* order permits the long-term involuntary medication of an inmate upon a court finding that the course of involuntary medication is recommended and that the prisoner, as a result of mental disorder, is gravely disabled and incompetent to refuse medication, or is a danger to himself or others." *Davis v. Walker*, 745 F.3d 1303, 1307 n.2 (9th Cir. 2014).

Plaintiff states that he is subject to forced medication of the antipsychotic medication Invega. He states that he is suffering chest pains and heart palpitations as a side effect. He alleges that defendant doctors were not concerned with the side effects and plaintiff continues to receive the medication. Plaintiff seeks to stop the medication and for money damages. Liberally

3

construed for purposes of screening, these allegations are sufficient to proceed against defendants Dr. Brahma and Dr. Yurovksy. Plaintiff may seek to amend the complaint later if he discovers the identity of the unknown psychiatrist.

Plaintiff also filed a motion for a preliminary injunction to stop the forced medication. He states that he does not need the medication and it is causing severe chest pains and heart disease. A preliminary injunction is an "extraordinary remedy" that a court should award only when a party makes a "clear showing" that he is entitled to such relief. *See Winter v. Natural Res. Defense Council, Inc*., 555 U.S. 7, 22, 24 (2008). To obtain a preliminary injunction, a plaintiff must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm that will result if an injunction is not issued, (3) the balance of equities tips in favor of the plaintiff, and (4) an injunction is in the public interest. *See id.* at 20. The irreparable injury must be both likely and immediate. *See id*. at 22; *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.")

Defendants filed a reply to the motion for a preliminary injunction and say that the Court should not invalidate the California state court's order allowing the forced medication. Over the past three years, plaintiff has had five *Keyhea* hearings authorizing the involuntary medication. Request for Judicial Notice ("RJN") Exs. A, B.[1] At each hearing, it was found that if unmedicated, plaintiff would be a danger to others, he would revert back to behavior that served as the basis for the involuntary medication and that he cannot manage his own medication. *Id*. Plaintiff was represented by counsel at each hearing. *Id*.

Other than his brief conclusory allegations, plaintiff provides no factual or medical support for the belief that he does not require medication or that Invega is causing his chest pains or heart palpitations. Nor does he provide any evidence that he has heart disease. At a July 20, 2023,

---

[1] The Court takes judicial notice of these court filings. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (federal courts "may take judicial notice of court filings and other matters of public record").

4

health appointment, plaintiff denied any side effects with his current medication. Dkt. No. 21, Ex. C. at 24. Defendants also note that chest pains and heart disease are not a known side effect of Invega. Dkt. No. 21 at 5.

Plaintiff previously litigated a case in the Eastern District of California about side effects of Invega and sought to stop the forced medication. *See Driver v. Kern County Superior Court*, Case No. 20-cv-1665 TLN KJN (E.D. Cal.). Some of his claims in that case contended that Invega was causing baldness, halitosis, diabetes, erectile disfunction, chest pains and heart palpitations. *Id*. Dkt. No. 227. Summary judgment was granted to defendants on June 27, 2023.[2] Most of the claims were denied on the merits but the allegations of Invega causing heart issues was dismissed as unexhausted. *Id*.

Plaintiff has failed to meet his burden with respect to any of the factors to grant a preliminary injunction. His conclusory allegations with no factual support do not demonstrate a likelihood of success on the merits or irreparable harm. His allegations must be construed in light of his significant history of mental illness that was documented and discussed in his case in the Eastern District.[3] Evidence was presented from several doctors that plaintiff suffered from dangerous psychotic symptoms and without medication would experience a relapse in paranoia, aggressive and threatening behaviors. Dkt. No. 227 at 18, 20. Plaintiff had a history of aggressive behavior, frequent fights, crisis bed admissions and suicidal ideation attempts. *Id*. at 17. Defendants also presented evidence in that case that plaintiff had a pattern of reporting side effects to all antipsychotic medications. *Id*. at 20-21. For example, plaintiff argued that Invega was causing an increased risk of diabetes, but laboratory results noted this lipid and hemoglobin levels were normal. *Id*. at 22. It is also worth noting that state courts have reviewed plaintiff's medication protocols in multiple hearings where he was represented by counsel, and concluded that continued medication was warranted. Consequently, the motion for a preliminary injunction is dismissed without prejudice.

---

[2] Plaintiff filed the instant case on July 4, 2023, concerning the same medication but he is now being held in this district.
[3] The Court takes judicial notice of this case. *See Reyn's Pasta Bella, LLC* at 746 n.6.

5

Plaintiff has also requested the appointment of counsel. The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff appears able to present his claims adequately, the issues are not complex and he ably litigated his case in the Eastern District. His request is denied.

## CONCLUSION

1. The motions for a preliminary injunction and to appoint counsel (Dkt. Nos. 2, 13) are denied without prejudice. The motion to file a complaint (Dkt. No. 7) is granted and the Court has reviewed the complaint.

2. The Court orders that the follow defendants be served electronically at Salinas Valley State Prison: Dr. Brahma and Dr. P. Yurovksy.

Service on the listed defendant will be effected via the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk is also requested to serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR will provide the Court a completed CDCR Report of E-Service Waiver advising the court which defendant listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant declines to waive service or could not be reached. CDCR also will provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, will file with the Court a waiver of service of process for the defendant if he is waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk is requested to prepare for each defendant who has not waived service according to the CDCR Report of E-Service

Waiver a USM-205 Form. The Clerk will provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The Clerk will also provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. To expedite the resolution of this case, the Court orders:

a. No later than sixty days from the date of service, defendant will file a motion for summary judgment or other dispositive motion. The motion will be supported by adequate factual documentation and will conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If defendant is of the opinion that this case cannot be resolved by summary judgment, he will so inform the Court prior to the date his summary judgment motion is due. All papers filed with the Court will be promptly served on the plaintiff.

b. At the time the dispositive motion is served, defendant will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

c. Plaintiff's opposition to the dispositive motion, if any, will be filed with the Court and served upon defendant no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendant files a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

7

         d.      If defendant wishes to file a reply brief, they will do so no later than fifteen days after the opposition is served upon him.

         e.      The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4. All communications by plaintiff with the Court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

6. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 10, 2023

_____
JAMES DONATO
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.